UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARL EDWARD BECKNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00361-JMS-MJD |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for a
Writ of Habeas Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, Carl Edward Beckner's petition for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**The Petition for Writ of Habeas Corpus**

**I. Background**

The petitioner is a state prisoner currently incarcerated at the Wabash Valley Correctional Facility who seeks a writ of habeas corpus. The petitioner was convicted of Class A felony dealing in cocaine by a jury on April 22, 2005, in an Indiana state court, and was sentenced to thirty years' imprisonment. On direct appeal, the Indiana Court of Appeals affirmed the petitioner's conviction and sentence on November 29, 2006. Dkt. 13-6. The petitioner filed a petition for transfer with the Indiana Supreme Court on December 28, 2006, which was denied on January 25, 2007. Dkts. 13-3, 13-7. The petitioner filed a *pro se* petition for state post-conviction relief on October 3, 2007, and withdrew it on February 14, 2013. Dkts. 13-1, 13-2. On July 28, 2017, the petitioner filed the instant petition for writ of habeas corpus.

## II. Discussion

The petitioner raises several claims in his petition including ineffective assistance of counsel, prosecutorial misconduct, Batson violation, and others. The respondent argues that the petitioner's petition must be denied because it is untimely and because his claims are procedurally defaulted.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

The petitioner's conviction became final on April 25, 2007, ninety days after his petition to transfer was denied on January 25, 2007. *See* Ind. App. R. 57(c). *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). He therefore had one year from April 25, 2007, to file his petitioner for a writ of habeas corpus in this Court.

The petitioner filed a petition for post-conviction relief in state court during the pendency of his one-year period, on October 3, 2007. That petition was pending until it was withdrawn on February 14, 2013. During the pendency of the petitioner's petition for post-conviction relief in state court, the limitations period was tolled. *See Socha v. Boughton*, 763 F.3d 674, 681 (7th Cir.

2014). Therefore, as of February 14, 2013, the petitioner had 204 days remaining, or until September 6, 2013, in which to file his petition for a writ of habeas corpus in this Court.

In sum, the petitioner's one-year statute of limitations ran in 2013, and he did not file the instant petition for a writ of habeas corpus in this Court until several years after that date. Although the petitioner contends that his procedural default should be excused because he received ineffective assistance of counsel, he does not contend that he is entitled to equitable tolling of the statute of limitations on any basis. Therefore, his claims are barred by the one-year statute of limitations and his petition for a writ of habeas corpus must be **dismissed with prejudice**. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam).

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied with prejudice.

Judgment consistent with this Entry shall now issue.

### Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "debatable whether [this court] was correct in its procedural

ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

   **IT IS SO ORDERED.**

Date: 12/12/2017

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CARL EDWARD BECKNER
993573
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

James Blaine Martin
OFFICE OF THE INDIANA ATTORNEY GENERAL
james.martin@atg.in.gov